# Certain Moneys in the Possession and Custody of the Catawissa Valley National Bank

*Nicholas B. Piazza,* for Commonwealth.

*Howard R. Berninger,* for respondent.

KREISHER, P. J., July 30, 1958.—On January 28, 1957, Thomas D. McBride, Attorney General for the Commonwealth, by his above-mentioned special Deputy Attorney General, filed a petition pursuant to the Act of May 16, 1919, P. L. 177, as amended, 27 PS §432, etc., to procure the payment into the State Treasury to the credit of the Commonwealth without escheat, of certain bank accounts held by the above-captioned depository by reason of the fact that said deposits had not been increased or decreased within 10 years prior to January 1, 1956, and no interest had been credited on the respective deposits during said period.

In accordance with the said act of assembly the court made a preliminary order directing that the said petition be received and filed, and that a copy thereof be served upon the said depository and fixed March 25, 1957, at 10 a.m., as the time for hearing upon said matter.

On March 13, 1957, the president of the said depository by its counsel filed an answer setting forth that the schedule A annexed to the petition setting forth said deposits represents true statements of a report filed with the Department of Revenue by said depository on February 23, 1956; that since the date of the said report and public advertisement made by the Commonwealth in accordance with said act, eight of the accounts were closed out and paid to the rightful owners entitled thereto; that there remain seven unclaimed deposits, six of them being in very nominal amounts, the seventh being in the amount of $300 standing in the name of the Catawissa Board of Trade, which account is claimed by some of the original members of the Catawissa Board of Trade on behalf of the Catawissa Borough Industrial Development Committee of the Catawissa Rotary Club.

On March 25, 1957, the testimony of the bank president, who incidentally was one of the original contributors and members of the Catawissa Board of Trade, as well as Paul Rupert Baldy, a resident of the Borough of Catawissa and an original member of the said board of trade, and Charles D. Hamlin, a resident of Catawissa Borough and the then president of the Catawissa Rotary Club, testified in regard to the nature of the deposit, the purposes for which it was made and the function of the Borough Industrial Development Committee of the said rotary club.

At the conclusion of the hearing the special Deputy Attorney General requested that the testimony be transcribed so that he might forward a copy thereof

to Harrisburg and receive instructions from his superiors.

The testimony was transcribed and filed on the same date and the matter remained dormant until the spring of 1958 at which time the court requested counsel to place the matter upon the July argument list.

When the case was called for argument, counsel for the respective parties agreed to waive their oral argument and submit the matter for the court's disposition upon their written briefs.

The briefs are now in the hands of the court and we gather that the Commonwealth takes the position that no rightful owner has made claim to this fund, and, therefore, the court should direct the same be paid into the State Treasury for the use of the Commonwealth without escheat.

Counsel for the Commonwealth, in his brief, admits that the money would probably be used for a good cause and for the same purpose that the money was originally deposited for should it be turned over to claimant, but he contends that the test in this case is not identity of purpose but identity of organization or rightful ownership.

The testimony clearly indicates that the Catawissa Board of Trade was originally formed by a group of public-spirited residents in the time of depression for the purpose of soliciting funds and endeavoring to attract industry to the borough to promote employment for its unemployed residents.

Shortly after the formation of the Catawissa Board of Trade, a similar organization called the Catawissa Industrial Organization was formed in Catawissa, which had a similar purpose and this organization was successful in bringing a shirt factory into the borough, and somehow all emphasis was focused on the Catawissa Industrial Organization, and the Catawissa

Board of Trade lost its identity and function leaving the said bank balance which had been solicited by contributions from the borough residents on deposit.

We here note incidentally, in passing, that all money donated in the early 1930's to the Catawissa Industrial Association for the purpose of securing the shirt industry was subsequently repaid by the shirt industry to all donors since this organization had been incorporated and issued shares of stock, purchased the building which the industry occupied and in order to transfer title to the said industry and clear all indebtedness, the stockholders were paid in full.

The above-mentioned Act of Assembly, as last amended by the Act of April 21, 1921, P. L. 211, 27 PS §433, reads, inter alia, as follows:

"If at said hearing it shall appear to the said court that, since the reporting of or the ascertainment of said items by the Auditor General, any such items have been claimed by persons lawfully entitled thereto, or any such items are so claimed at said hearing, or that said items were not properly subject to escheat under the provisions of any act of the General Assembly, the Court shall order said items or the amounts thereof to be delivered or paid to said claimants, or to remain in the possession of the person, firm, association, bank, national bank, trust company, or other corporation, as the facts shall warrant, and shall order the amounts of all items not so claimed to be paid into the State Treasury to the credit of the Commonwealth, or, if such items consist of chattels or securities, that the same be sold in such manner as the court may direct, and that the proceeds thereof be similarly paid into the State Treasury."

It would appear from the wording of the above-quoted section of the act of assembly that the court's duty in this proceeding is to determine whether or not the persons making the claims for this deposit are

rightfully entitled thereto or whether or not the said deposit is properly subject to escheat under the provisions of the Escheat Act of May 2, 1889, P. L. 66, as amended, 27 PS §42.

Neither counsel have been able to furnish the court with any case directly in point to the question here involved and the court's independent research has failed to reveal any case dealing with this exact situation, and therefore, since the act of assembly places the burden upon the court to determine the question, we believe that justice requires us to hold that under the facts and peculiar circumstances of this case the fund is not a subject of escheat and that the same has been claimed by persons lawfully entitled thereto, rather than to direct that the fund be paid into the State Treasury.

We come to this conclusion not because we happen to be a resident of the Borough of Catawissa, but because in addition to the testimony of the original members making the deposit and the deposition of the president of the rotary club with respect to the function of the industrial committee, we believe that the fund should remain at the situs of the contributors and be used for the purpose for which the fund was created.

Catawissa Borough today is experiencing considerable unemployment. Claimant committee is and has in the past expended considerable sums endeavoring to secure additional industry for the borough and since some of the original members of the Catawissa Board of Trade are presently members of the Catawissa Rotary Club and serving upon the industrial committee, there is sufficient identity of organization as well as similarity of purpose to warrant the payment of the fund to this committee for its intended purpose in preference to directing its payment into the State Treasury which would result in little or no benefit to the contributors of the fund.

Therefore, common sense and reason dictates that we enter the following

## Order

And now, to wit, July 30, 1958, proof of notice to the Catawissa Valley National Bank of Catawissa, Pa., of the day set forth for the hearing in this cause having been made and the hearing having been thereupon held on said date upon the petition filed in said cause pursuant to the provisions of the Act of May 16, 1919, P. L. 177, supplemented by the Act of April 21, 1921, P. L. 211, 27 PS §433, and The Fiscal Code of April 9, 1929, P. L. 343, and it appearing to the court that the moneys set forth in exhibit A in said petition are not all subject to escheat under the provisions of the Act of June 7, 1915, P. L. 878, as amended by the Acts of April 9, 1929, P. L. 343, and May 16, 1935, P. L. 190.

It is hereby further ordered, adjudged and decreed that the eight items set forth in the answer which were claimed by the legal owners thereof and paid by the said depository prior to the filing of the petition be and the same are hereby deleted from exhibit A in said petition.

It is hereby further ordered and decreed that the deposit of $300 standing in the name of the Catawissa Board of Trade claimed by the Industrial Committee of the Catawissa Rotary Club be paid by the said Catawissa Valley National Bank to the said Industrial Committee of the Catawissa Rotary Club.

And it is hereby further ordered and decreed that the six items set forth in the third paragraph of the answer which have remained unclaimed be paid by the said Catawissa Valley National Bank into the State Treasury without escheat to the credit of the Commonwealth through the Department of Revenue in the total sum of $14.86, subject to the provisions of the

Act of June 7, 1915, P. L. 878, as amended by the Acts of April 9, 1929, P. L. 343, and May 16, 1935, P. L. 190, unless an appeal be taken to the Supreme Court of Pennsylvania or exceptions to this order be filed within 30 days from the date hereof.

It is hereby further ordered and decreed that the costs of these proceedings be paid by the Commonwealth.